IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CAROLYN COKLEY,<br><br>*Plaintiff,*<br><br>v.<br><br>LACEY BARRIGA, in her Official Capacity as Temporary Guardian, and CAROL COLLINS, in her Official Capacity as Guardian *ad litem*,<br><br>*Defendants.* | Civil Action No. SA-14-CV-945-XR |

## ORDER

On this date the Court considered Plaintiff's Request for Temporary Restraining Order and Preliminary and Permanent Injunction (docket no. 2). For the following reasons, the Court DENIES the temporary restraining order and preliminary injunction.

### Background

Plaintiff Carolyn Cokley filed her original complaint (docket no. 1) against Defendant Lacey Barriga, in her capacity as Cokley's temporary guardian, and Defendant Carol Collins, in her capacity as Cokley's guardian *ad litem*, on October 27, 2014. Plaintiff immediately filed a motion for a temporary restraining order (TRO) and preliminary injunction. The application seeks to force Defendants to return Cokley's driver's license and keys, as well as allow her to move out of an assisted living facility, Morningside Manor, located at 602 Babcock Road, San Antonio, Texas 78201 ("Morningside").

Cokley is seventy-five-years old. She alleges the Bexar County Probate Court appointed Barriga as temporary guardian pursuant to a medical report finding Cokley incapacitated.

Cokley alleges Barriga, once appointed, seized Cokley's property, including her driver's license and house and car keys; then committed her to live at Morningside. Cokley alleges she is held at Morningside against her will. Cokley claims that she was cleared of any incapacity by a different doctor who found she was "without cognitive deficit," and "did not lack capacity." Cokley alleges Defendants have failed to raise this new evidence to the Probate Court, and continue to deny her the opportunity to return home, move into an apartment, or access to her vehicle against her wishes.

Cokley also alleges that, without her driver's license, she is unable to vote in the upcoming federal, state, and local elections. Cokley states that Barriga negligently submitted Cokley's application to vote by mail too late. She further alleges the Bexar County Elections Department denied her early voting privileges at the Bexar County Courthouse because she did not have a valid Texas Driver's license or Texas Election photo I.D. Cokley alleges she cannot obtain a Texas Election I.D. because a valid driver's license has been issued to her.

Cokley asserts two claims against Defendants: 1) they unconstitutionally seized her property and are holding her at Morningside against her will in violation of 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments, including denying Cokley her constitutionally protected right to vote; and 2) they unlawfully discriminated against her under the Americans with Disabilities Act, 42 U.S.C. § 12182, *et. seq.*

**Analysis**

To be entitled to a TRO or preliminary injunction, Federal Rule of Civil Procedure 65 states a plaintiff has the heavy burden of showing four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the equitable relief is denied; (3) that the threatened injury outweighs any prejudice the equitable relief might cause the

defendant; and (4) that the equitable relief will not disserve the public interest. *See Janvey v. Alguire*, 628 F.3d 164, 174 (5th Cir. 2010). "Injunctive relief is 'an extraordinary and drastic remedy,' and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)).

To obtain a preliminary injunction or a TRO, Cokley must demonstrate a substantial likelihood of success on the merits. Cokley has not met her heavy burden. Cokley first claims Defendants violated 42 U.S.C § 1983 by seizing her property and holding her against her will, "under color of state law," in violation of the Fourth and Fourteenth Amendments. As private actors, Defendants' actions can only be attributed to the state if 1) they perform "a function which is traditionally the exclusive province of the state," (2) the state "exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the [s]tate," or (3) the government has "so far insinuated itself into a position of interdependence with the [Defendants] that it was a joint participant in the enterprise." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 242 (5th Cir. 1999) (internal quotations omitted).

Cokley does not allege facts to support a finding of state action. She alleges in a conclusory fashion that Defendants "acted as officers of the court under color of state law" in their capacities as temporary guardian and guardian *ad litem*, and that Defendants "acted pursuant to an official policy, practice, custom or decision as temporary guardian or guardian *ad litem* under 'color of authority' of state law."

In *Polk County v. Dodson*, 454 U.S. 312, 102 S. Ct. 445 (1981), the Supreme Court held that a public defender does not act under color of state law simply because she was a public

defender who is paid by the state. Courts have expanded upon that analysis, holding that guardians and attorneys *ad litem* are not state actors merely by their positions or because a court appoints them. *Hall v. Dixon*, CIV A. H 09-2611, 2010 WL 3909515, at *40-*41 (S.D. Tex. Sept. 30, 2010) aff'd sub nom. *Hall v. Smith*, 497 F. App'x 366 (5th Cir. 2012) (collecting cases); *see, e.g., Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986) (holding that the ethical and professional duty of a guardian *ad litem* to the ward/child meant the guardian *ad litem* was not a state actor). In addition, the Fifth Circuit has upheld a district court's decision that found a guardian was not a state actor when she only participated in court proceedings, complied with court orders, and acted within her discretion as guardian to continue housing the plaintiff in an assisted living facility. *Johnson ex rel. Wilson v. Dowd*, 305 F. App'x 221, 224 (5th Cir. 2008) (affirming *Wilson v. Dowd*, 5-07-CV-99, 2007 WL 4570158 (E.D. Tex. Dec. 26, 2007)).

By alleging Defendants continue to have Cokley live at Morningside, hold her driver's license, house and car keys, and otherwise acting within their discretion as Cokley's guardian and guardian *ad litem*, Cokley fails to allege sufficient facts to show state action. *See Johnson ex rel. Wilson*, 305 F. App'x at 224; *Hall*, 2010 WL 3909515, at *40-*41. Further, with regard to denying Cokley the right to vote, Cokley fails to allege why Barriga cannot accompany her to the polls with Cokley's driver's license, or otherwise assist her to exercise her right to vote. Because Cokley fails to demonstrate "state action," she has not carried her burden of showing a substantial likelihood of success on the merits for her § 1983 claims.

Second, Cokley does not show a substantial likelihood of success on the merits on her ADA claim. Title III of the ADA states, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns,

leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a); *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 676, 121 S. Ct. 1879, 1889-90 (2001). Cokley alleges "she is not disabled," but is "perceived to have a disability based on her age and association with Morningside." She alleges Morningside is a place of public accommodation, and that Defendants have conspired to keep her there without adequate medical care to "create the appearance of incapacity as a pretext to obtain a permanent guardianship over [her]."

Cokley fails to allege that Defendants own, lease, or operate a place of public accommodation such that they can discriminate against her in violation the ADA. Defendants are not alleged to have any affiliation with Morningside; the only relevant public accommodation in this case. They are only, allegedly,[1] conspiring to keep her there, which is not "owning, leasing, or operating." Cokley therefore fails to show a substantial likelihood of success on the merits of her ADA claims. The Court thus denies the motion for a TRO and preliminary injunction because Cokley has not carried her heavy burden of showing substantial likelihood of success on either her § 1983 or ADA claims.

## Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Request for Temporary Restraining Order and Preliminary and Permanent Injunction (docket no. 2).

It is so ORDERED.

SIGNED this 28th day of October, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[1] And dubiously